[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} On the morning of December 6, 2001, a Springfield Township police officer observed defendant-appellant Robert Stewart pulling out of a strip mall. It was 2:30 AM, and the officer knew that the mall closed about 9:00 PM, so she followed Stewart's car. While on a highway, the officer observed Stewart driving with his tire on the white lane marker for several hundred feet and then crossing over the lane marker on the right side. She pulled Stewart over and asked him to roll down his window. He rolled it down only about two and one-half inches, claiming that the window was broken. The officer later learned that the window was, in fact, working properly.
{¶ 3} The officer testified that she could see that Stewart's eyes were bloodshot and glassy, and that she could smell alcohol on his breath. Stewart admitted to the officer that he had just come from a bar. At first, Stewart refused to get out of his car. When Stewart finally exited from the car, his movements, according to the officer, were slow and deliberate and he had to lean against the car in order to stand. Stewart was asked to perform field sobriety tests by the officer, but he refused. Stewart was then transported to a police station and given his Miranda rights. Stewart refused to sign the form acknowledging that he had been given his rights, and he refused to sign any other forms. Stewart was then asked to take a breathalyzer test. Stewart did not respond to the request, and he did not take the test.
{¶ 4} A hearing was held on March 25, 2002. The arresting officer was the only witness to testify. In addition to relating the foregoing facts, the officer testified at trial that, in her opinion, Stewart was intoxicated on the evening he was stopped, and that his driving was impaired as a result of his intoxication. Stewart was convicted of driving under the influence ("DUI") in violation on R.C. 4511.19(A)(1) and a marked-lanes violation in violation of R.C. 4511.33. In his sole assignment of error, Stewart now challenges the manifest weight of the evidence.
{¶ 5} In considering a claim that a conviction is against the manifest weight of the evidence, this court must review the record and determine if the trier of fact lost its way and created a manifest miscarriage of justice.[1]
{¶ 6} With regard to the DUI offense, Stewart argues that, although there were factors that would indicate that he was under the influence of alcohol, there were other factors that indicated that he was not. He points specifically to the fact that the evidence against him did not include a breathalyzer test or field sobriety test. Despite the lack of testing, we hold that there was ample evidence upon which the trier of fact could have reasonably based a finding of guilt.
{¶ 7} The record reflects that Stewart lied to the police officer about being able to roll down his window. The officer smelled alcohol on Stewart's breath and observed Stewart's bloodshot and glassy eyes. Stewart admitted having just come from a bar, and when he got out of the car, he moved slowly and had to support himself by leaning against the vehicle. While he did not take the field sobriety test, and, at the station, he refused the breathalyzer, the smell of alcohol was still present while at the station. Finally, the officer gave her opinion that Stewart was intoxicated and that his driving was impaired.
{¶ 8} Regarding the marked-lanes violation, Stewart claims that he was within the marked lanes or on the line at all times. The officer testified that she saw Stewart driving on the white line for several hundred feet and then crossing over the lane marker on the right side of the road. We conclude that there was substantial evidence upon which the trier of fact could have reasonably concluded that Stewart was guilty of the violation.
{¶ 9} In sum, we cannot say that the trier of fact lost its way or created a manifest miscarriage of justice, as there was ample evidence to prove both offences. Therefore, the judgment of the trial court is affirmed.
{¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 Sundermann, P.J., Painter and Winkler, JJ.
[1] State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541.